UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN CHAN and LUANDA CHAN,
Insurance Policy Beneficiaries,

Plaintiff,

v.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

Defendant.

C13-524 TSZ

ORDER

THIS MATTER comes before the Court on Defendant Prudential Insurance Company of America's ("Prudential") motion to dismiss, docket no. 7. The Court enters the following Order.

**I.   Background**

Plaintiffs Luanda and Alan Chan allege that Prudential improperly denied coverage under their son James Chan's life insurance policy. They allege several causes of action under Washington law, including breach of contract, breach of the duty of good faith, negligence, violation of the Washington Insurance Fair Conduct Act, and violation of the Washington Consumer Protection Act. Prudential moves to dismiss all claims,

ORDER - 1

arguing that they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Because the Plaintiffs' causes of action depend upon the existence and interpretation of an employee-sponsored life insurance plan that is governed by ERISA, the Court agrees with Prudential that the Chans' claims are preempted.

Decedent James Chan was an employee of T-Mobile at the time of his death on January 24, 2010.  Complaint at ¶ 3.1.  As a benefit of his employment, James was the beneficiary of an employee-sponsored group life insurance policy administered by Prudential and governed by ERISA.  Id. at ¶¶ 2.1, 3.4; Notice of Removal at 2.  James' parents, Plaintiffs Luanda and Alan Chan, made a claim on the policy after his death.  Id. at ¶¶ 3.11-3.12.  Prudential denied coverage, both originally, and following an administrative appeal, id. at ¶¶ 3.14-3.16, and the Plaintiffs filed suit in King County Superior Court.  Prudential removed the case to this Court on the basis of ERISA preemption and now moves to dismiss.

II.     **Standard**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Dismissal is proper under Rule 12(b)(6) only "if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims." Manshardt v. Fed. Judicial Qualifications Comm., 408 F.3d 1154, 1156 (9th Cir. 2005). In reviewing the adequacy of the complaint, the Court must accept all well-pleaded

ORDER - 2

1 allegations as true, South Ferry LP, No. 2 v. Killinger, 542 F.3d 776, 782 (9th Cir. 2008),
2 and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 555.
3 In other words, "a complaint must contain sufficient factual matter, accepted as true, to
4 state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678,
5 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). However, these
6 tenants are "inapplicable to legal conclusions." Id. Thus, a pleading that only offers
7 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action
8 will not do." Twombly, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims
9 across the line from conceivable to plausible, [the] complaint must be dismissed." Id. at
10 570.

11     **III.**    **Discussion**

12     ERISA provides for federal regulation of private employee benefit plans.
13 Congress' purpose in enacting ERISA was to create a uniform regulatory regime that
14 would "protect employers from conflicting and inconsistent state and local regulation of
15 [employee benefit] plans." Henkin v. Northrop Corp., 921 F.2d 864, 867 (9th Cir. 1990).
16 To that end, Congress passed ERISA with "expansive preemption provisions" designed
17 to ensure that the regulation of employee benefit plans remains "exclusively a federal
18 concern." Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d
19 312 (2004) (internal citations and quotation omitted).

20     "There are two strands of ERISA preemption: (1) 'express' preemption under
21 ERISA § 514(a), 29 U.S.C. § 1144(a); and (2) preemption due to a 'conflict' with
22 ERISA's exclusive remedial scheme set forth in [ERISA § 502(a),] 29 U.S.C. § 1132(a)."
23

ORDER - 3

Paulsen v. CNF Inc., 559 F.3d 1061, 1081 (9th Cir. 2009) (citing Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1225 (9th Cir. 2005)), cert. denied, 558 U.S. 1111, 130 S.Ct. 1053 (2010).  Both of these preemption provisions defeat state-law causes of action on the merits.  See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 57, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (§ 514(a) preemption); Cleghorn, 408 F.3d at 1227 (§ 502(a) preemption).

The Ninth Circuit applies a two-part test in determining whether a state-law claim is completely preempted by ERISA § 502(a).  A state-law cause of action is completely preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions."  Davila, 542 U.S. at 210.  Because this "two-prong test . . . is in the conjunctive[,] [a] state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied."  Marin Gen. v. Modesto Empire Traction Company MD, 581 F.3d 941, 947 (9th Cir. 2009).

In the present case, the Plaintiffs concede that the first prong of the Davila test is satisfied because they could have brought a claim under ERISA, § 502(a)(1)(B).  Response at 3, 8.  However, they argue that their claim under the Washington Insurance Fair Conduct Act ("IFCA") is not preempted because the IFCA creates an independent legal duty.  Plaintiffs appear to abandon their other state law claims in the face of Prudential's motion to dismiss.

The dispositive question for the Court is whether, under the facts pleaded in the Complaint, the IFCA gives rise to an independent legal duty that establishes a cause of

ORDER - 4

action that ERISA does not preempt.  Plaintiffs argue generally, and without citation to any supporting case law, that "a violation of IFCA is an independent legal duty imposed on insurance companies and that violation of this statute and the fair conduct rules and procedures outlined therein by state law should not be preempted."  Response at 4.  They contend that this is so because their IFCA claim is not based on Prudential's "failure to pay benefits under the [insurance] contract but is instead based on its violation of enumerated fair conduct rules that insurance companies must follow as evidenced in part by Defendant's denial of Plaintiffs' claim."  Id. at 5.  The Court disagrees.

      Here, the dispute between the Plaintiffs and Prudential is whether benefits were properly denied under James Chan's employee-sponsored life insurance plan.  Although Plaintiffs claim that they are contesting how Prudential processed the claim, and not just the denial of benefits, this argument rings hollow.  As Plaintiffs concede, they are relying on the denial of benefits to support their IFCA claim.  Response at 5 (violation of IFCA "evidenced in part by Defendant's denial of Plaintiffs' claim").  The Complaint does not contain any other allegations to support the IFCA claim.  As such, Plaintiffs' IFCA claim is not based on an independent legal duty, but rather on the denial of benefits under an employee benefit plan governed by ERISA.  See, e.g., Turnbow v. Tall Tree Administrators LLC, 2009 WL 3824731, at *4 (E.D. Cal. 2009) ("While Marin did provide some flexibility to the exclusive jurisdiction conferred under ERISA, it does not permit beneficiaries to circumvent the law. . . .  Plaintiff is suing her benefits administrator directly for failing to provide Plaintiff with the benefits to which she believes she is entitled.  Such disputes are within the exclusive jurisdiction of ERISA

ORDER - 5

§ 502(a)(1)(B)."); In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig., 903 F.Supp.2d 880, 929 (C.D. Cal. 2012) ("State law legal duties are not independent of ERISA where "interpretation of the terms of [the] benefit plan forms an essential part of the claim, and legal liability can exist 'only because of [the] administration of ERISA-regulated benefit plans.'"); Cleghorn v. Blue Shield of California, 408 F.3d 1222, 1226-27 (9th Cir. 2001) (Because "the factual basis of the complaint . . . was the denial of reimbursement of plan benefits," the state law claims were preempted.).[1]

### IV. Conclusion

Plaintiffs' state law causes of action are preempted by ERISA. As a result, the Court GRANTS Prudential's motion to dismiss. The Complaint is DISMISSED without prejudice and with leave to amend.[2] Plaintiffs may file any amended complaint no later than 30 days from the date of this Order.

Dated this 23rd day of August, 2013.

THOMAS S. ZILLY
United States District Judge

---

[1] Plaintiffs also argue that their state law claims should not be preempted because the IFCA provides for remedies not available under ERISA, including compensatory and punitive damages. The Ninth Circuit has rejected this argument, holding that an action "which seeks non-ERISA damages for what are essentially claim processing causes of action clearly falls under the § 1132 preemption exemplified by Pilot [Life Ins. Co. v. Dedeaux, 481 U.S 41 (1987)]." As the Court summarized in Pilot Life, "[t]he deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." Id. at 54.

[2] The existing claims are preempted by ERISA and leave to amend is granted only to allow the Plaintiffs to bring a claim under ERISA, if they so choose.